UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK AVERITTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03502-LJM-DKL |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Derrick Averitte for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-01-0032. For the reasons explained in this Entry, Mr. Averitte's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 7, 2016, Investigator Gaskin wrote a Conduct Report charging Mr. Averitte with use or possession of a cellular communications or other wireless device. The Conduct Report states:

> On 12-08 & 09 2015 a study was conducted with Shawntech, a telecommunications company that assisted with a Cellular Interdiction Operation for the Plainfield Correctional Facility. During this two day surveillance approximately 22 cell phones were detected operating illegally within the Facility. Several phone numbers were detected as being called from a cell phone. 3 of the numbers dialed during the two day test were from numbers on offender Derrick Averitte #978398 phone list. During an interview with this inmate he did admit that number ending in 9269 was a family friend, but he denied using a cell phone during the time of the operation.

Dkt. 11-1 at 1. The Conduct Report concluded by stating, "See report of investigation." *Id.* The Investigation Report states:

> On 12-08 & 09 2015 [a] study was conducted with Shawntech, a telecommunications company that assisted with a Cellular Interdiction Operation at Plainfield Corr. Facility. During this two day surveillance operation approx. 22 cell phones were detected as operating illegally within the facility. Several phone numbers were detected as being cell phone calls from the North and South dorm area. 3 of the numbers recorded by the equipment were from the numbers recorded on an IYC inmate phone list. The numbers came back to Derrick Averitte #978398. During an interview with this inmate prior to the report coming out we discussed one number ending in 9269, Averitte did admit that the number ending in 9269 is a family friend on his phone list. The report list 3 numbers that appears [sic] on Averitte's phone list. Offender Averitte denied making any calls, or using a cell phone during the time of the study. The inmate did not provide any alternate reason on why his contact information was being used. During on text transfer the inmate phone replied, "This is Derrick and you are steady hitting me . . . ."

Dkt. 11-2 at 1.

Mr. Averitte was notified of the charge on January 9, 2016, when he received the Screening Report. He plead not guilty to the charge and requested the Investigation Report as evidence.

A hearing was held on January 14, 2016. Mr. Averitte stated that he was not guilty, noting that "[t]here are a lot of offenders in here from my neighborhood who know me and know this girl. There are also a lot of 'Derricks' in South Dorm." Dkt. 11-5 at 1. Based on, among other things, Mr. Averitte's statement, the staff report, and the Investigation Report, the hearing officer found Mr. Averitte guilty. The sanctions imposed included a one-hundred-eighty-day earned-credit-time deprivation and a suspended demotion in credit class.

Mr. Averitte appealed to Facility Head and then to the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Although the respondent characterizes Mr. Averitte's petition as raising only a sufficiency of the evidence claim, he actually raises two claims. First, he argues that there was insufficient evidence to find him guilty of use or possession of cellular phone. Second, he argues that he was not given evidence explaining how the Cellular Interdiction Operation used by prison officials to identify cell phone use in the prison worked, which prevented him from adequately defending himself. The Court will address each claim in turn.

*1. Sufficiency of the Evidence*

Mr. Averitte advances two primary arguments regarding the sufficiency of the evidence. First, he contends that there was no evidence that he physically possessed a cell phone. Second, he maintains that there is reasonable doubt as to his guilt because the phone number ending in 9269 referenced in the Investigation Report was also on two other inmates' phone lists, and he alleges that the person whose number it is denied knowing Mr. Averitte.

Challenge to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

As an initial matter, the disciplinary code forbids "[u]se and/or possession" of a cellular phone. *See* Indiana Department of Correction Adult Disciplinary Process, at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Thus Mr. Averitte's argument that there is no evidence he physically *possessed* a cellular phone is unavailing because the information contained in the Conduct Report and Investigation Report constitutes "some evidence" that Mr. Averitte *used* a cellular phone.

The Cellular Interdiction Operation revealed that three of the numbers being called from a cellular phone within the prison were on Mr. Averitte's phone list, and Mr. Averitte admitted to prison staff that one of the numbers was a family friend. Moreover, a text message was sent from the phone that identified the sender as "Derrick." While perhaps not evidence definitely proving that Mr. Averitte was the inmate using the cellular phone to call those numbers, it is certainly "some evidence" that it was.

Mr. Averitte resists this conclusion by arguing that the evidence does not prove he was the one making the calls at issue because the numbers called are also on two other inmates' phone lists and there are other inmates named Derrick. Even if both of these assertions are true, it does not mean that there was not "some evidence" of his guilt. The Seventh Circuit has suggested that evidence showing that an inmate had only a twenty percent change of being guilty, without more, does not constitute "some evidence" of guilt. *See Austin v. Pazera*, 779 F.3d 437, 439 (7th Cir. 2015) ("[I]t seems odd, to say the least, that someone should be punished when there is an 80 percent probability that he is innocent."); *but see Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that evidence showing a twenty-five percent chance of guilt constitutes "some evidence" under the circumstances). But Mr. Averitte was not merely one of three inmates with the phone numbers on his call log. The evidence also shows that an inmate used the phone to send a text message, which acknowledged that the sender was "Derrick." Taken together, these facts certainly constitute "'some evidence' logically supporting" his guilt "and demonstrating that the result [wa]s not arbitrary." *Ellison*, 820 F.3d at 274; *see House v. Daniels*, 637 Fed. Appx. 950, 951 (7th Cir. 2016) (holding that "some evidence" existed because the evidence did not rest on "shared access alone"—that is, a probability of

guilt—but also additional evidence increasing the likelihood that the specific petitioner was actually guilty).

### 2. Denial of Evidence

Mr. Averitte next argues that he was denied evidence explaining how the Cellular Interdiction Operation used during the investigation worked such that he could adequately defend himself. "[W]hen a prisoner contends that he was denied access to evidence necessary to defend against a disciplinary charge, his claim is properly understood as one of procedural due process rather than sufficiency of the evidence." *Ellison*, 820 F.3d at 274 (citation and quotation marks omitted).

The problem with Mr. Averitte's position is that he never requested this evidence during the disciplinary process. The Screening Report reflects that the only evidence Mr. Averitte requested was the Investigation Report, *see* dkt. 14-3 at 1, which he received. Moreover, the Screening Report states that "[t]he failure to request witness(es) or physical evidence may waive your right to have the witness' testimony or physical evidence presented/considered at your hearing." *Id.* Thus Mr. Averitte was aware that his failure to request any additional evidence could result in a waiver, but never raised his desire for any evidence in addition to the Investigation Report until after the hearing.

The Seventh Circuit has made clear that an inmate's due process rights are not violated by the failure to provide the inmate with evidence that was not requested within the required timeframe. *See Hamilton v. O'Leary*, 976 F.2d 341, 346-47 (7th Cir. 1992); *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992). Not only did Mr. Averitte not request the evidence in question on the Screening Report, but he did not request it

up to and through the disciplinary hearing. It thus did not violate his due process rights to not be provided this evidence.

Accordingly, Mr. Averitte is not entitled to habeas relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Averitte to the relief he seeks. Accordingly, Mr. Averitte's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___8/3/2017___

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DERRICK AVERITTE
978398
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov